IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **MELEANNIE J. OWADE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **NO. 4:22-cv-880-O-BP** |
| | § | |
| **MIDLAND CREDIT MANAGEMENT,** | § | |
| **INC**, *et al.*, | § | |
| **Defendants.** | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

*Pro se* Plaintiff Meleannie Owade ("Owade") sued Defendants on September 29, 2022. ECF No. 1. She filed a Motion for Leave to Proceed *In Forma Pauperis* that same day. ECF No. 2. However, that Motion was deficient. The Court informed Owade that it could not determine her Motion without a complete, verified application and ordered her to either pay the filing fee or submit a fully completed long form application to proceed *in forma pauperis* by October 17, 2022. *See* ECF No. 6. The Court warned Owade that noncompliance "**could result in a recommendation that this case be dismissed without further notice**. *See* FED. R. CIV. P. 41(b)." *Id.* at 2. To date, Owade has neither complied with that Order nor submitted any other pleading explaining her delay.

District courts may dismiss an action *sua sponte* for failure to prosecute or follow court orders. *See* Fed. R. Civ. P. 41(b). This authority flows from a court's inherent power to manage its docket. *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). A Rule 41(b) dismissal may be with or without prejudice. *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996). However, dismissals with prejudice for want of prosecution are considered "an extreme sanction." *Id.* Accordingly, the Court should employ

such dismissals only where a litigant's acts or omissions are "the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action [with prejudice]." *Id.*

Despite a clear warning that noncompliance could result in dismissal of her case under Federal Rule of Civil Procedure 41(b), Owade did not comply with that order or file a pleading to explain her delay. Absent compliance with the Court's orders, this case cannot proceed. Because Owade's noncompliance does not appear to stem from purposeful delay or contumaciousness, a dismissal without prejudice is warranted. Accordingly, the undersigned **RECOMMENDS** the United States District Judge Reed O'Connor **DISMISS** this case **without prejudice** under Fed. Rul. Civ. P. 41(b) for failure to prosecute or follow court orders.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on October 28, 2022.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE